UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6007-CR-DIMITROULEAS

UNITED STATES OF AMERICA.     :

    Plaintiff.                              :

v.                                                     :

NAPOLEAN RAGLUND.                  :

    Defendant.                            :
_____/



## **REQUEST FOR DOWNWARD DEPARTURE**

    The Defendant Napolean Raglund ("Raglund"), hereby requests a downward departure from his sentencing guideline range for the following reasons:

### **Downward Departure**

    Raglund scores on the sentencing guidelines a total offense level of 31 and a criminal history category of VI; the guideline imprisonment range is 188 to 235 months.  He received the criminal history computation of VI as a result of being a "career offender". having been convicted over seven years ago for two cocaine offenses when he was 19 and 20 years old. He also has a conviction for attempted possession of cocaine (two crack rocks). also when he was 20 years old. and received a withhold of adjudication and nine months probation. The attempted possession of cocaine conviction is not a predicate offense for "career offender" status.



But for being a "career offender" Raglund's guideline range would have been a level 23. A criminal history category of IV ( as a result of 8 criminal history points) would have resulted in a guideline range of 70-87 months. Even though the prior offenses are extremely serious, they are his only blemishes on an otherwise clean record. Additionally, for almost seven years, Raglund has no other criminal acts that count towards his criminal history points. For the reasons stated below Raglund specifically asks for a downward departure from his criminal history category of VI because it over-represents his propensity to commit crimes.

The sentencing Reform Act allows the sentencing court to depart from the guidelines if "the court finds that there exists a ... mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. Section 3553(b). Therefore the sentencing Guidelines permits the district court to depart downward from both a career offender status and criminal history category. See United States v. Lawrence, 916 F.2d 553 (9th Cir. 1990); United States v. Smith, 909 F.2d 1164 (8th Cir. 1990); United States v Brown, 903 F.2d 540 (8th Cir. 1990); United States v. Maddalena, 893 F.2d 815 (6th Cir. 1989); United States v. Bowser, 991 F.2d 10919 (10th Cir. 1991); and United States v. Maldonado-Campos, 920 F.2d 714 (10th Cir. 1990); United States v. Gayles, 1 F.3d 735 (8th Cir. 1993); United States v. Summers, 893 F.2d 63 (4th Cir. 1990); United States v. Senior, 935 F.2d 149 (8th Cir. 1991).

Section 4A1.3 of the Sentencing Guidelines states as a policy statement the following:

> There may be cases where the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes. An example might include the case of a defendant with two minor misdemeanor convictions close to ten years

2

> prior to the instant offense and no other evidence of prior criminal behavior in the intervening period. The court may conclude that the defendant's criminal history was significantly less serious than that of most defendants in the same criminal history category (Category II), and therefore consider a downward departure from the guidelines.

In the case of Senior, supra, because of three prior robberies and two controlled substance offenses, prior to the cocaine conviction, Senior qualified as a career offender. His guideline range sentence was 292-365 months and his criminal history category was VI.

The court felt that being a career offender seriously over-represented his criminal history in that the three robberies were treated by the state court as more or less one criminal episode. Additionally, the two controlled substance offenses were committed at age 24 and were consolidated for sentencing. The court departed from the guidelines and imposed the statutory minimum mandatory of 120 months.

Applying these factors to the present case, the Sentencing Guidelines explicitly acknowledge that over-representation of the seriousness of the defendant's criminal history is an appropriate consideration for downward departure.

It is specific intent of Napolean Raglund to request a downward departure from his criminal history category of VI.

### Conclusion

WHEREFORE, the Defendant Napolean Raglund hereby moves this court for a downward departure from his criminal history category of VI and to consider those matter not adequately taken

3

into consideration by the Sentencing Commission and to reflect the policy statement of §4A1.3 of the

Sentencing Guidelines.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____

Samuel J. Smargon
Assistant Federal Public Defender
Florida Bar No. 150230
101 N.E. 3rd Avenue
Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436
(954) 356-7556 (fax)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this __8__

day of May, 2000 to Edward Ryan, Esquire, United States Attorney's Office, 299 E. Broward Blvd.,

Fort Lauderdale, Florida 33301 and to R. Kelly Cutright, United States Probation Office, 300 N.E.

1st Avenue, Room 315, Miami, Florida 33132.

_____
Samuel J. Smargon

S:SMARGON:Raglund Downward 01

4